Eollbtt, J.
Are the sureties liable in this action ? This depends upon our statutes and the condition of the undertaking. Section 5576 of the Revised Statutes provides that the undertaking shall be: “ to secure to the party enjoined the damages he may sustain if it be finally decided that the injunction ought not to have been granted.” Under this provision of the statute the undertaking was given conditioned : “ that the plaintiff, Mildred E. Bascoe, shall pay to the said defendants the damages which they, or either, .may sustain by reason of the injunction in this action if it be finally decided that'the said injunction ought not to have been granted.”
The answer sets up that the sureties were to be liable only in case it was finally decided that the injunction ought not to have been granted, and that it has not been finally decided that the injunction ought not to have been granted. All this the demurrer admits. But it is claimed that the dissolution of the injunction is such a final decision as that the condition of the undertaking was broken when the action was dismissed by the court and the injunction was dissolved, though the action was not heard or dismissed upon its merits, and the forcible detainer action was also dismissed by the Bishops without trial. The dissolution of the injunction was consequent upon the dismissal of the action of Bascoe against the Bishops. Section 5313 of the Revised Statutes provides: “ The court may dismiss the petition with costs, in favor of one or more defendants, in case of unreasonable neglect on the part of the plaintiff to *225 serve the summons on other defendants.” And John W. Bishop and Amanda H. Bishop, having failed to obtain the dissolution of the injunction without a hearing upon the merits of the ease, procured the dismissal of the action without prejudice, “ because of plaintiff’s unreasonable neglect to serve summons on the defendants, Edward L. Bishop, May Bishop, Howard O. Bishop and Daisy Bishop, heirs at law, and Jane B. Bishop, widow of James W. Bishop, deceased,” as shown by the record.
Such a dismissal without prejudice is provided for by section 5314, of the Revised Statutes, as follows: “ An action may be, dismissed without prejudice to a future action ... 3. By the court, for the want of necessary parties. 4. By the court, on the application of some of the defendants, where there are others whom the plaintiff fails to prosecute with diligence.” Such a dismissal is not a final decision on rights in the action, or on plaintiff’s right to the injunction. But it takes away any prejudice to the parties to determine in another action, any right either party may have in the action dismissed.
The action loas so dismissed without prejudice, or the dismissal is void and the action is pending in that court. Such a judgment of dismissal is an entirety. See Wanzer v. Self, 30 Ohio St. 378, where the court says: “A judgment dismissing an action without prejudice to a future action is an entirety, and, though it may have been so rendered erroneously, it will not constitute a bar to a subsequent action upon the same subject-matter.”
If the action was not dismissed withqut prejudice, how-stands the claim of title to the premises in the same action, set up in their answer and cross-petition by John "W. Bishop and Amanda IT. Bishop, especially after they dismissed their cross-petition and the action so enjoined ? Are such dismissals decisive against them ? Sureties are bound by the conditions of their agreements, by the terms of their bond. This is shown by the very cases cited by defend-, ants in error. And until “it be finally decided that the. *226 said injunction, ought not to have been granted,” Krug and Bruner can not be required to respond for any damages by reason of the injunction. The demurrer to their sixth matter of defense admits that such a final decision has not been made, and the demurrer should have been overruled.
See Bein v. Heath, 12 How. (U. S.) 168.
The court erred in sustaining that demurrer, and the district court erred in affirming the judgment of the court of common pleas.
The judgments of the district court and of the court of common pleas are reversed, and the demurrer to the sixth matter of defense is overruled and judgment*for the sureties is rendered at the costs of the defendants in error.